**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH L. NASH,

  Plaintiff - Appellant,

  v.

VANCOUVER POLICE DEPARTMENT;
CLIFFORD COOK,

  Defendants - Appellees.

No. 10-35687

D.C. No. 3:10-cv-05055-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

  Keith L. Nash appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations arising from an

investigatory stop of Nash during the search for an armed burglary suspect.  We

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009), and for an abuse of discretion the district court's decision not to continue summary judgment under Fed. R. Civ. P. 56(f), *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Nash's search and seizure claim because, viewing the facts in the light most favorable to Nash, reasonable suspicion supported detaining and frisking him. *See Ramirez*, 560 F.3d at 1020 (9th Cir. 2009) (for brief investigatory stops "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion"); *United States v. Alvarez*, 899 F.2d 833, 838 (9th Cir. 1990) (use of physical force on a suspect and briefly holding suspect at gunpoint are permissible if, under the circumstances, they are reasonable measures to ensure safety and to determine whether suspect is armed). The court also properly granted summary judgment on Nash's due process and equal protection claims because defendants' conduct did not shock the conscience, nor was Nash's race the sole basis for the investigatory stop. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (official conduct violates substantive due process rights only when the conduct "shocks the conscience"); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982) (while

10-35687

race alone is not a sufficient basis for making an investigatory stop, race can be a relevant factor).

The district court did not abuse its discretion by not continuing defendants' summary judgment motion until Nash could conduct further discovery because Nash failed to identify the facts that further discovery would reveal, and the district court accepted the allegations in Nash's proposed amended complaint as evidence in the record. *See California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (under Fed. R. Civ. P. 56(f), a party seeking a continuance must submit an affidavit explaining, among other things, how the sought-after facts are essential to resist the summary judgment motion).

The district court did not abuse its discretion by denying Nash's motion to amend his complaint. *See Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

Nash's remaining contentions are unpersuasive.

**AFFIRMED.**

10-35687